NATIVIDAD MORALES, Plaintiff and Appellee-Appellant, *v.* MANUEL SAAVEDRA SOLER, Defendant and Appellant-Appellee.

No. 6581.   Argued April 2, 1935.—Decided December 20, 1935.

*Garcéa Méndez & Garcéa Méndez* for appellant-appellee. *José Veray, Jr., Arturo Reichard,* and *Augusto Reichard* for appellee-appellant.

Mr. Justice Aldrey delivered the opinion of the court.

In this case the plaintiff brought an action to recover damages on account of the death of her twelve-year old son claimed to have occurred in consequence of an accident caused by a truck belonging to the defendant. The decision of the District Court of Aguadilla adjudged the defendant to pay to the plaintiff $910 as compensation for the loss of the child, with costs and attorney's fees. From that judgment the defendant appealed because he was adjudged to pay damages, and the plaintiff appealed because of the failure to grant a larger award than that provided in the judgment.

In support of his appeal, the defendant has urged two grounds, to wit: That the lower court erred in overruling the demurrer which he interposed to the complaint for want of facts sufficient to constitute a cause of action; and that the evidence does not support the judgment rendered.

The complaint was filed on September 11, 1931, and it alleged, in substance, that the plaintiff is a widow; that on March 17, 1931, the defendant was the owner of a truck which was then operated as a public service vehicle and was driven by the chauffeur of the defendant; that on that day, at about 10 o'clock in the morning, said vehicle was traveling along the public road leading from Isabela to Aguadilla; that while going down a grade on said road known as *"Cuesta de Aguadilla,"* loaded with cane, it struck plain-

tiff's legitimate son, Arturo Ramos, a boy twelve years old, who was carrying two tin cans in a pushcart in the direction from Aguadilla to Isabela, that is, going up-hill on the left-hand side of said road which corresponded to the right side of the truck; that in striking him it inflicted on him a contused wound in the left foot, in consequence of which his left leg had to be amputated, septic poisoning having set in through the torn tissues, from which he died two days afterward; that the above-mentioned vehicle was being driven at a rate of speed greater than twenty kilometers per hour, and that the accident was due solely to the fault, negligence, carelessness, and recklessness on the part of the defendant's chauffeur in swerving too much to the right, in failing to slow down when going downhill, and in failing to take due precautions so as to avoid the accident, in which there was no fault or negligence on the part of the boy; and that the plaintiff has suffered serious and irreparable damages by reason of the mental anguish which she has suffered on account of the loss of the affection and love of her son, and of the moral and material aid which she was entitled to expect from her aforesaid son upon his becoming old enough to discharge his filial duties towards his mother.

It being stated in the complaint that the boy was walking along the left-hand side of the road, pushing a cart with two tin cans in it, that the truck was going downhill along the same side of the road, in an opposite direction to that of the boy, and that at that moment the chauffeur swerved the truck too much to the right, it must be concluded that a cause of action against the defendant was stated, for in accordance with those allegations, the accident was the result of the vehicle having swerved too much to the right at the same time that the boy was traveling in the opposite direction along the edge of the road, which shows the lack of due care and circumspection required by section 12 (a) of the Motor Vehicle Act to protect the life of plaintiff's son.

■ Regarding the second ground urged, relative to the insufficiency of the evidence to support the judgment, we wish to state that we have examined all of the evidence introduced at the trial, and the same leads us to the conclusion that the facts occurred as alleged by the plaintiff. All the witnesses for the plaintiff, who were many, unanimously stated, in substance, that they saw that the accident took place in the manner already explained; that the boy was going with his cart along the road; that the defendant's truck, the only vehicle traveling over that place at the time of the accident, swerved too much to the right causing the injury to the child's left foot; and all these witnesses live near the road, very close to the place of the accident. There was no real conflict in the evidence in this case, for the evidence which the defendant introduced did not contradict the testimony of the witnesses for the plaintiff, since the driver of the defendant's truck confined himself to the statement that he had not had any collision whatever that morning, and that he had not seen the boy. Nor was the accident seen by the other two witnesses for the defendant. Really we can not understand why said driver testified that he did not see the boy in question, since according to the strong preponderance of the testimony of plaintiff's witnesses, the boy was traveling in an opposite direction to that of the truck on the footpath of the road which corresponded to the right side of the highway over which the truck was traveling. The whole evidence establishes as true that the boy was going along as already stated by us, and that the accident took place because the truck swerved too much to the right in such a way that it struck the boy, inflicting on him the wound which caused his death; and hence the second ground of appeal urged by the defendant is not tenable.

As regards the appeal taken by the plaintiff, whereby a larger award of damages than that granted by the lower court is sought, we will say that there is some testimony in the record as to the estimated cost of the medical treatment

received by the boy, who occasionally worked doing errands for which he received little or no remuneration, and that we do not think that the amount awarded as damages in this case was inadequate.

The judgment appealed from must be affirmed.